By the Court:
The object of this suit is to compel the Board of Elections in Fayette county, to place the name of the relator on the official ballot of the county as nominee of the Republican party in that county for the office of county auditor. The defendants demur to the petition. The petition shows that Frank L. Nitterhouse was duly elected auditor of Fayette county at the November election, 1895; that he was afterward duly commissioned by the Governor, but died September 30, 1896. His term of office, had he lived, would have commenced October 19, 1896. Assuming that his death created a vacancy in the office of county auditor at the time thereof, to be filled by election in November next, the Republican party, through its regularly constituted committee empowered to make nominations in such cases, nominated the relator, and requested the defendants to place his name on the official ballot for the office of *196 auditor of the county, and to be voted for as such at the coining election. This the bqard refused to do. The only question in the case is, whether the death of Nitter house,- on the 30th day of September last, created a vacancy in the office of auditor of the county. We think not. His term of office was not to begin until the 19th day of October following his death, whichis less than thirtydaysof the coming November election. His death created no vacancy in the office, as it was then filled by a duly elected, qualified and acting auditor, who would continue to be such until the end of his term, unless he should die or resign. Hence, as no vacancy could occur in the .office by reason of the death of Nitter house, before the 19th day of October, it could not be filled by election at the following November election. Section 11, Revised Statutes.
The case of State v. Hopkins, 10 Ohio St., 509, when carefully considered, in no way conflicts with this view. The holding there is, that the death of one who had been elected treasurer of the county^ created a vacancy in the office that could be filled by appointment, when, had he lived, his term would have commenced. This is not a holding that the vacancy was created at the time of his death, but a holding that, from the fact of his death, a vacancy occurred at the end of his predecessor’s term; the vacancy occurred then and not before, and authorized it to be filled by the commissioners of the county under the statutes there cited.

Demurrer sustained and petition dismissed.

Williams, C. J., not sitting in the case.